# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**DAN DEWAYNE NEWCOMB**                                                             **PLAINTIFF**

**v.**                                                            **No. 3:16CV119-MPM-DAS**

**OKTIBBEHA COUNTY, ET AL.**                                               **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Dan Dewayne Newcomb, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants violated his constitutional rights by arresting him without probable cause, falsely imprisoning him, failing to take him promptly before a judge after arrest, and failing to ensure that he was promptly appointed an attorney. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

After the court adopted the Magistrate Judge's Report and Recommendation, the following claims remained for the plaintiff:

(1) That Oktibbeha County, Mississippi, failed to implement a policy to ensure that criminal defendants are presented expeditiously to a judge after arrest;

(2) That Oktibbeha County, Mississippi, failed to implement a policy to ensure that criminal defendants are promptly appointed counsel once they are found to be paupers; and

(3) That Detective Stephanie Perkins failed to bring the plaintiff before a neutral and detached magistrate in a timely fashion after he was arrested.

The court also permitted the plaintiff to amend his complaint to include the claims that Starkville Police Captain John Doe and the City of Starkville caused his false arrest, false imprisonment, and delay in appointment of defense counsel through "negligence and failure to supervise and control" subordinate police officers.

## Discussion

The plaintiff's complaint involves three related incidents: (1) his arrest on charges for which the statute of limitations had expired; (2) his (mistaken) belief that he was not promptly taken before a judge after his arrest; and (3) the delay between the court's determination that he was a pauper and his contact with appointed counsel. None of these claims has merit.

## Arrest on Charges for Which the
## Statute of Limitations Had Expired

When he arrived in Starkville, Mississippi, on November 17, 2015, to turn himself in, Mr. Newcomb was arrested on the charge of incest, or "Adultery and Fornication Between Persons Forbidden to Intermarry." Miss. Code Ann. § 97-29-5. Those charges arose on August 10, 2013; as such, he was arrested on those charges some three months after the two-year limitations period under Miss. Code Ann. § 99-1-5 for that crime had expired. Mr. Newcomb argues that the arresting officers and others knew, or should have known, that he could not be charged with that crime after the limitations period had expired. Thus, he argues that the defendants arrested him without probable cause. As discussed below, he is mistaken.

Probable cause to arrest exists when, at the time of arrest, the facts and circumstances within the knowledge of the arresting officer are sufficient to cause a police officer of reasonable caution to

believe an offense has been or is being committed.[1] *See Duckett v. Cedar Park,* 950 F.2d 272, 278 (5th Cir.1992) (citing *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995)). The probable cause requirement does not mandate any showing that such a belief is correct or more likely true than false. *Baker v. McCollan*, 443 U.S. 137, 144, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979). A sheriff executing an arrest warrant is not required by the Constitution to independently investigate every claim of innocence. *Id.* "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted – indeed, for every suspect released." *Baker*, 443 U.S. at 145. A person arrested pursuant to a warrant issued by a magistrate on a showing of probable cause is not entitled to a separate judicial determination that probable cause exists to detain him prior to trial. *Id.* at 144.

The court could find only one case in a United States Court of Appeals directly in point, *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007), and its holding is contrary to the plaintiff's argument. The Third Circuit held:

> Sands' argument is based on the faulty premise that the statute of limitations is a relevant consideration at the time a police officer files charges. *The statute of limitations is an affirmative defense that is to be ruled upon by a court of competent jurisdiction.*
>
> Sands would place far more responsibility on police officers than is required by their calling. To begin with, the application of the limitations period is not a clear cut matter in criminal prosecutions. In some circumstances tolling is applicable.
>
> …
>
> The mere passage of time since the commission of an offense does not warrant an automatic application of the statute of limitations in a criminal proceeding.
>
> In *Pickens v. Hollowell,* 59 F.3d 1203 (11th Cir.1995), the Court of Appeals for the Eleventh Circuit held,

---

[1] Whether a court is determining probable cause to issue a warrant prior to arrest – or deciding whether probable cause exists to hold a defendant after a warrantless arrest – the standard is the same. *Baker v. McCollan*, 443 U.S. 137, 143, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979).

- 3 -

> "police officers have no responsibility to determine the viability of a statute of limitations defense when executing a valid arrest warrant. The existence of a statute of limitations bar is a legal question that is appropriately evaluated by the district attorney or by a court after a prosecution is begun.... [W]hether a valid statute of limitations defense exists is not a cut and dry matter."

*Sands v. McCormick*, 502 F.3d 263, 269 (3ᵈ Cir. 2007) (emphasis added, internal citations omitted.) The reasoning of the Third and Eleventh Circuits is sound, and, under the facts of this case, Mr. Newcomb's allegations regarding want of probable cause for his arrest and detention must be dismissed for failure to state a claim upon which relief could be granted.

After being confronted with his daughter's allegations of incest, Mr. Newcomb confessed to the defendant law enforcement officers by saying, "My daughter doesn't lie." Thus, at the time of Mr. Newcomb's arrest, the facts and circumstances within the knowledge of the arresting officer were sufficient to cause a police officer of reasonable caution to believe an offense had been committed. That fulfills the requirements to establish probable cause for arrest. Under the holding in *Sands*, which this court adopts, the officers were under no duty to inquire regarding the statute of limitations, which "is an affirmative defense that is to be ruled upon by a court of competent jurisdiction." *Sands, supra.* Indeed, when Mr. Newcomb's attorney received discovery from the prosecution, she raised the statute of limitations defense, and the trial court dismissed the charges. In the meantime, however, Mr. Newcomb had been charged in DeSoto County, Mississippi, with nine other sex crimes, and the DeSoto County Sheriff's Department had placed a hold on Mr. Newcomb so that he could be transported there for prosecution on those charges. For these reasons, the plaintiff's claims against Detective Stephanie Perkins, the Starkville Police Captain, and the City of Starkville regarding want of probable cause to arrest will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Newcomb's Initial Appearance

Mr. Newcomb alleges that the defendants caused an undue delay in his initial appearance before a neutral and detached magistrate; however, the record shows that he appeared before a judge for such an appearance the day following his arrest. Doc. 72-5 at 9. At the hearing, the judge found probable cause for Mr. Newcomb's arrest, informed him of the charges against him, advised him of his rights, denied his request to proceed as a pauper, set bond at $50,000, and set a hearing for December 16, 2015, to determine who Newcomb retained as an attorney. *Id*. at 1, 9-12. On December 16, Newcomb appeared in municipal court to determine whether he had hired an attorney. *Id*. at 1. Mr. Newcomb testified that he had no access to the assets listed on his affidavit of indigency, as they were part of a pending divorce case. *Id*. The court then had Mr. Newcomb complete a second affidavit, and the municipal court clerk's staff mailed the affidavit to the Oktibbeha County Circuit Court that day so that counsel could be appointed. *Id*. The municipal court set a hearing for January 7, 2016; however, the Circuit Court had not yet appointed counsel. *Id*. The municipal court then set a January 21, 2016, hearing to evaluate whether the circuit court had appointed counsel. *Id*. The Circuit Court appointed Stephanie Mallette as Mr. Newcomb's counsel. *Id*. At the January 21, 2016, hearing, the municipal court notified Mr. Newcomb that Stephanie Mallette had been appointed as his counsel so that he could contact her – and reset the hearing for February 8, 2016. *Id*. Given the apparent difficulty the Circuit Court had experienced in obtaining defense counsel, the municipal court staff notified Ms. Mallette via email that she had been appointed to represent Mr. Newcomb in the Oktibbeha County incest case. *Id.* Mr. Newcomb did not attend the February 8 hearing, but Ms. Mallette appeared and advised the court that he had been indicted by the Oktibbeha County Grand Jury. *Id*. The municipal court then removed Mr. Newcomb's case from its docket. *Id*. On April 21, 2016, the Circuit Court entered an agreed order dismissing the indictment as barred by the applicable

statute of limitations. *Id*. Thus, as Mr. Newcomb appeared before the municipal court the day after he was arrested, his claim that his initial appearance was untimely is without merit and will be dismissed.

**Delay in Appointment of Counsel**

Mr. Newcomb's remaining claim is that the defendants caused an unreasonable delay in the appointment of his defense counsel. Mr. Newcomb's situation differed from that of most criminal defendants because, at the time of the November 18, 2015, hearing, he had sufficient assets to disqualify him from pauper status – a fact also disqualifying him from assignment of appointed counsel. Thus, the municipal court set a hearing 28 days later (December 16, 2015) to allow time for Mr. Newcomb to retain and consult with counsel. At that hearing, Mr. Newcomb informed the court that the assets listed on his request for pauper status were tied up in divorce proceedings. The court directed that he complete a second pauper's application – and forwarded that application to the Circuit Court for processing and appointment of counsel. As such, the municipal court completed its part of appointing counsel for Mr. Newcomb on December 16, 2015, the same day he was found to be indigent. The municipal court then set a hearing for January 7, 2016, to check the status of Newcomb's counsel.

At that point, it fell upon the Oktibbeha County Circuit Court to process Mr. Newcomb's application for appointment of counsel; however, the Circuit Court had not done so by the January 7, 2016, hearing in municipal court. The Circuit Court appointed Stephanie Mallette as Mr. Newcomb's counsel five days later, on January 12, 2016. Thus, the delay in appointing counsel for Mr. Newcomb was 27 days – from December 16, 2015 (when he was found to be indigent) to January 12, 2016 (when the Circuit Court appointed Stephanie Mallette as his defense attorney). Though it appears that Ms. Mallette did not immediately contact Newcomb, the municipal court informed him of her appointment at the January 21, 2016, hearing.

Mr. Newcomb argues that the defendants caused an unnecessary delay in the appointment of counsel for his defense – and that the delay caused him to be incarcerated unnecessarily on charges for which the limitations period had expired. He claims that the delay violated his right to substantive due process: "Perkins violated my due process clause of the Fourteenth Amendment." Doc. 21 at 2-3.

**Substantive Due Process**

Substantive due process may be the most confusing and controversial area of constitutional law.[2] The confusion is due largely to the fact that the right to substantive due process is not enumerated in the text of the Constitution, and the Supreme Court has used that right to extend extraordinary protection to contentious rights also not found in the text of the Constitution, such as the right to terminate a pregnancy. Substantive due process raises serious questions regarding the proper role of the judiciary in reviewing the actions of the other branches of government, legislative, executive, as well as state and local government. Through the cacophony of competing opinions and legal theories, the Court has identified only one well-established principle: The Due Process Clause includes a substantive component that "bar[s] certain [arbitrary wrongful] government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S.

---

[2] *See, e.g.*, John Hart Ely, Democracy and Distrust: A Theory of Judicial Review 18 (1980) ("'[S]ubstantive due process' is a contradiction in terms."); Daniel O. Conkle, Three Theories of Substantive Due Process, 85 N.C. L. Rev. 63, 63-65 (2006) ("Substantive due process is in serious disarray, with the Supreme Court simultaneously embracing two, and perhaps three, competing and inconsistent theories of decisionmaking."); John Harrison, Substantive Due Process and the Constitutional Text, 83 Va. L. Rev. 493, 494 (1997) ( "[S]ubstantive due process is not just an error but a contradiction in terms."); Nelson Lund & John O. McGinnis, Lawrence v. Texas and Judicial Hubris, 102 Mich. L. Rev. 1555, 1557 (2004) (referring to substantive due process as "the most anticonstitutional branch of constitutional law"); *see also* Mark Tushnet, Can You Watch Unenumerated Rights Drift?, 9 U. Pa. J. Const. L. 209 (2006) (examining the challenges of identifying and enforcing unenumerated rights); Frank I. Michelman, Unenumerated Rights Under Popular Constitutionalism, 9 U. Pa. J. Const. L. 121 (2006) (discussing the distinction between numerated and unenumerated rights in a vacuum of judicial review); Richard H. Fallon, Jr., Some Confusions About Due Process, Judicial Review, and Constitutional Remedies, 93 Colum. L. Rev. 309 (1993) (using *Parratt v. Taylor*, 451 U.S. 527 (1981), to examine the doctrinal confusion in Supreme Court due process cases).

327, 331 (1986) (quoting *Hurtado v. California*, 110 U.S. 516, 527 (1884). Chief Justice Rehnquist acknowledged that the Due Process Clause has roots in the Magna Carta, which was

> "intended to secure the individual from the arbitrary exercise of the powers of government [.]" . . . [B]y barring certain government actions regardless of the fairness of the procedures used to implement them, it serves to prevent governmental power from being "used for purposes of oppression."

*Daniels v. Williams*, 474 U.S. at 331 (quoting *Hurtado v. California*, 110 U.S. 516, 527 (1884)). Unfortunately, determining what is an arbitrary exercise of power that violates substantive due process has been a herculean task, with mixed results using differing theories of law.

When examining substantive due process as a challenge to the abuse of power by the executive branch, the standard is conduct that "shocks the conscience" or the use of "brutal" force that "offend[s] even hardened sensibilities." *Rochin v. California*, 342 U.S. 165, 173, 72 S. Ct. 205, 210, 96 L. Ed. 183 (1952), *see also Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716, 140 L. Ed. 2d 1043 (1998). Indeed, "the Due Process Clause of the Fourteenth Amendment was intended to prevent government 'from abusing [its] power, or employing it as an instrument of oppression.'" *DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S., at 196, 109 S.Ct., at 1003 (quoting *Davidson v. Cannon,* 474 U.S. 344, 348, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986)). Substantive due process does not involve the state's failure to provide sufficient process; instead, it protects against raw abuses of government power that violate the Constitution. Thus, the Fourteenth Amendment is reserved for grave violations in the exercise of government power; it is not a "font of tort law to be superimposed upon whatever systems may already be administered by the States." *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160–1161, 47 L.Ed.2d 405 (1976).

The facts of this case come nowhere near this standard. The Starkville Municipal Court, at first, denied Mr. Newcomb's request to proceed as a pauper because he had sufficient assets to procure an attorney on his own. At the next hearing, Newcomb had lost access to those assets, and the

municipal court permitted him to proceed as a pauper. It appears, however, that a miscommunication with the Oktibbeha County Circuit Court caused a delay in appointment of counsel. Counsel was appointed, and the indictment was dismissed. Nothing about the defendants' actions "shocks the conscience;" as such, Mr. Newcomb's claim of denial of his right to substantive due process must be dismissed.

## Conclusion

In sum, all of the plaintiff's remaining claims are without merit and will be dismissed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 20th day of March, 2018.

> **/s/ MICHAEL P. MILLS**
> **UNITED STATES DISTRICT JUDGE**
> **NORTHERN DISTRICT OF MISSISSIPPI**